

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00544-CR

**IN RE** Shawn **BEAN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: September 4, 2013

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On August 12, 2013, relator filed a pro se petition for writ of mandamus complaining of the trial court's failure to rule on various pro se motions pending in his criminal proceeding. This court issued an opinion on August 21, 2013 denying relator's mandamus petition on the basis that a criminal defendant is not entitled to hybrid representation, meaning the trial court did not abuse its discretion by declining to rule on relator's pro se motions when relator is represented by appointed counsel.[2] On August 26, 2013, relator filed a supplemental petition for writ of mandamus in this court complaining of the district clerk's failure to respond or take action with

---

[1] This proceeding arises out of Cause No. 188088, styled *The State of Texas v. Shawn Bean*, pending in the 437th Judicial District Court, Bexar County, Texas, the Honorable Lori I. Valenzuela presiding.
[2] *In re Shawn Bean*, No. 04-13-00544-CR, 2013 WL 4501334 (Tex. App.—San Antonio Aug. 21, 2013, orig. proceeding).

respect to relator's filing of an affidavit of indigency. For the following reasons, we dismiss relator's supplemental petition for writ of mandamus due to a lack of jurisdiction.

In the supplemental petition for writ of mandamus, relator requests an order directing the district clerk to "dispose of" relator's pauper's oath. However, this court does not have jurisdiction to grant the requested relief. By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). In this instance, we conclude the requested writ is not necessary to enforce our jurisdiction. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH